Filed 12/28/21  P. v. Thompson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076735 |
| v. | (Super.Ct.No. RIF1600599) |
| MICHAEL EMILIO THOMPSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana Cohen Butler and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.     PROCEDURAL HISTORY

On June 28, 2016, defendant and appellant Michael Emilio Thompson pled guilty to deterring a police officer under Penal Code[1] section 69.  Pursuant to the terms of the plea agreement, the trial court granted defendant formal probation for three years.

On January 13, 2021, defendant filed a petition to seal his arrest and related records under section 851.91, subdivision (a).

The court denied defendant's petition on March 9, 2021.

On March 17, 2021, defendant filed a timely notice of appeal.

B.     FACTUAL HISTORY

"[O]n or about August 1, 2015, in the County of Riverside, [defendant] did willfully and unlawfully by means of violence deter and prevent [a police officer], who was an executive officer in performing his duty imposed upon by law, and knowingly resisted him by use of force and violence while he was in the performance of his duties."

**DISCUSSION**

On appeal, defendant contends that the trial court erred in denying his section 851.91 petition.  In their respondent's brief, the People contend that "the trial court properly denied the section 851.91 petition because, under the subdivision plead, no relief was permitted.  However, as a different subdivision would appear to permit relief, [the People do] not oppose a remand to allow [defendant] to amend his petition to assert that

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

2

relief should be granted in the interest of justice." For the reasons set forth *post*, we agree with the parties that defendant's second arrest should be sealed from his criminal records under section 851.91, subdivision (c).

A. ADDITIONAL PROCEDURAL HISTORY

On August 1, 2015, defendant was arrested for felony interfering with a police officer. About six months later, on February 10, 2016, the prosecution filed a complaint and recommended that bail be set at $50,000. According to defendant's petition, and not disputed at the hearing on the petition, defendant's "own recognizance" status was revoked on March 2, 2016, and he was remanded into custody. Defendant spent three days in custody. There is nothing in the record to suggest that the second "arrest" was a product of criminal behavior or some other wrongdoing by defendant. On June 28, 2016, defendant reached a plea agreement and the trial court granted defendant probation.

Four years later, defendant filed a section 851.91 petition claiming that, under subdivision (a), his criminal history report improperly reflected two arrests for his single criminal matter. Defendant explained that the error was interfering with his employment prospects and asked the court to seal the record *only* of his rearrest. Defendant reasoned that section 851.91 permitted such sealing of a criminal record for an arrest that did not result in a conviction. The prosecutor appeared to agree that the second arrest on defendant's record was not particularly fair, and even offered to write a letter that defendant could show to his prospective employers to explain that the second arrest was not the product of a second unresolved criminal prosecution. The prosecutor, however, voiced her concern that an order sealing the second arrest might be misapplied by the

3

Department of Justice so that both arrest records would be sealed. The trial court then found that the second arrest had resulted in a conviction so relief was not permitted under section 851.91, and denied the petition.

B.     LEGAL BACKGROUND AND ANALYSIS

On appeal, defendant contends that the trial court erred in denying his section 851.91, subdivision (a), petition.

Section 851.91, subdivision (a), permits record sealing relief to arrestees who "suffered an arrest that did not result in a conviction." Subdivision (a) provides four factual scenarios that qualify as an arrest that did not result in a conviction: (1) an arrest was made, a complaint was not filed, and the statue of limitation has run on every offense upon which the arrest was based such that no complaint can ever be filed against the arrestee; (2) an arrest was made, a complaint was filed against the arrestee, but was dismissed with prejudice; (3) an arrest was made, a complaint was filed against the arrestee, and an acquittal followed; and (4) an arrest was made, a complaint was filed against the arrestee, a conviction followed, but was then vacated or reversed on appeal with prejudice. (see, §851.91, subd. (a)(1)(A) and (B)(i)-(iii).)

The facts in this case do not come under the four factual scenarios specified under section 851.91, subdivision (a). Here, as provided in detail *ante*, an arrest was made but none of the four other factors outlined in section 851.91, subdivision (a), occurred. Defendant is not without a remedy.

4

Section 851.91, subdivision (c), permits relief "as a matter of right or in the interests of justice." Subdivision (c) allows the trial court to consider any relevant factors, including but not limited to any hardship an arrest causes the petitioner, evidence relating to the arrest, and his record of convictions. (§ 851.91, subd. (c)(2)(B)(i)-(iv).) The People submit that "[i]n light of the very unique, and unlikely to reoccur, circumstances of this case, [the People] would offer no objection should the court elect to remand the matter to allow [defendant] to amend his petition to proceed under this section. Similarly, should the court determine as a matter of judicial economy that relief should be granted under subdivision (c) based on the existing record, [the People] would have no objection to that course of action since it was agreed upon that the 2016 'arrest' was predicated on the revocation of [defendant]'s [own recognizance] release and the 2015 arrest for the crime for which [defendant] was ultimately convict[ed] would remain on [defendant]'s record."

In this case, there is no dispute that defendant's second arrest was related to the revocation of defendant's own recognizance release and not an arrest related to a new crime. We agree with the parties that the second arrest should be sealed. Therefore, in the interest of justice and judicial economy, we hereby reverse the denial of defendant's petition and grant defendant's request to have the record of his second arrest sealed under section 851.91, subdivision (c).

## DISPOSITION

The trial court's order denying defendant's petition is reversed pursuant to section 851.91, subdivision (c). The Department of Justice is directed to seal defendant's second arrest from defendant's criminal records.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                    
J.

We concur:

McKINSTER                 
Acting P. J.

CODRINGTON                
J.

6